IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICKEY DEAN JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:09cv44 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Rickey Dean Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of parole proceedings. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson says that the Texas Board of Pardons and Paroles unlawfully required him to serve five years flat on his sentence before being reviewed for parole; he states that the Board applied a statute concerning the possession of a controlled substance in a drug-free zone, but he was not convicted of possession of a controlled substance in a drug-free zone. Johnson also complains that the Board failed to review him for parole after he had served one-quarter of his sentence in flat time and good time, which he says also resulted from improper application of the statute concerning possession of a controlled substance in a drug-free zone.

The Magistrate Judge ordered the Respondent to answer Johnson's petition. The Respondent filed a motion to dismiss the petition, asserting that the claims were barred by the statute of limitations. The Respondent acknowledged that on May 20, 1999, prison officials wrongly classified Johnson as having committed an offense in a drug-free zone, but stated that Johnson knew or should have known of the facts forming the basis of his claim on September 3, 2003, after the service of five

1

years flat (i.e. without consideration of good time) on his sentence ; thus, the Respondent says that the statute of limitations began to run at that time, and expired one year later. While Johnson did seek state habeas corpus relief on this claim, the Respondent says, he did not do so until 2008, well after the limitations period had expired.

In his response to the motion to dismiss, Johnson said that the Board of Pardons and Paroles acted unreasonably in not reviewing him for parole in a timely manner, that the denial of his state habeas claim raising this issue as successive was improper, that the improper information about his conviction "surely impacted the Board's decision to deny parole in a non-aggravated case," that most of the reasons given to him for the denial of parole were not true, and that the denial as successive of three other state habeas petitions which he had filed was a "state-created impediment" to his seeking habeas relief on his present claim. He again argues that the dismissal of his state habeas petition raising this issue was improper and says that the case should be remanded to the state courts for further proceedings.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed due to the expiration of the statute of limitations. The Magistrate Judge determined that Johnson possessed all of the facts necessary to bring his claim in September of 2003, when he was not reviewed for parole despite having served five years flat. However, the Magistrate Judge said, Johnson had not shown any reason for the delay between his gaining possession of the facts in 2003 and the filing of his first state habeas corpus petition raising this issue, in January of 2008. Although Johnson argued that the Texas Court of Criminal Appeals had wrongly dismissed his state habeas petition as successive, the Magistrate Judge noted that errors in state habeas proceedings do not provide a basis for federal habeas corpus relief. The Magistrate Judge also determined that Johnson had not shown any basis upon which the limitations should be equitably tolled.

Johnson filed objections to the Magistrate Judge's Report on September 21, 2009. In his objections, Johnson says first that he possessed a liberty interest in that the Board of Pardons and Paroles failed to hold a hearing prior to classifying his sentence as involving a drug-free zone. He also says that he has exhausted his available state remedies.

Turning to the limitations issue, Johnson says that he "opposes the Respondent's assertion that Petitioner possess[ed] full knowledge of the factual predicate of his claims." He says that he is a "pro se litigant with limited education and lack of legal experience in order to actually pursue the legal complexity of his claims for relief and in fact, due to his financial situation, he was unable to hire a person licensed or trained in the field of law." Instead, he says, he had to rely on legal assistance from other prisoners who have been studying or exercising their rights for longer than he has, and these persons helped him to discover the factual predicate of his claims. Thus, Johnson says, the limitations period should be equitably tolled.

Next, Johnson argues that he had a protected liberty interest in being reviewed for parole when he should have been, and that "lack of diligence will not bar an evidentiary hearing if efforts to discover the facts would have been in vain." He says that the fact that he was classified as having been convicted of a crime involving a drug-free zone, when he was not, "renders the judgment [of the Board of Pardons and Paroles] void." Johnson again asserts that he had a protected liberty interest in being reviewed for parole at the appropriate time and says that reasonable jurists could differ on his claims, and so the Magistrate Judge erred in recommending that a certificate of appealability be denied.

Johnson's objections are without merit. As the Magistrate Judge observed, Johnson was aware of the essential facts forming the basis of his claim in September of 2003, when five years had passed since he was sentenced and yet he was not reviewed for parole. This started the limitations period running at this time, but Johnson did not seek state habeas review of this claim until January of 2008, over four years after the one-year limitations period had expired. Although Johnson ascribes the delay to his lack of legal training and *pro se* status, the Fifth Circuit has specifically held

3

that proceeding *pro se*, lack of legal training, and unfamiliarity with the legal process are not sufficient reasons for equitable tolling of the statute of limitations. Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000).

Whether or not Johnson had a liberty interest in being *reviewed* for parole at the appropriate time, any claim which he may have had for the violation of this supposed liberty interest is barred by the expiration of the statute of limitations. He offers no reason to show why he could not have known that he was not reviewed for parole as he should have been, and Johnson's claimed lack of training in the law, and his *pro se* status, are not grounds for extending or tolling the limitations period, which expired in 2004. Nor has Johnson shown that reasonable jurists could differ on the applicability of the statute of limitations to his claims. Johnson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the motion to dismiss filed by the Respondent, the Report of the Magistrate Judge, the Petitioner's objections thereto, the state court records, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Rickey Dean Johnson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the **25** day of **September, 2009.**

_____
Thad Heartfield
United States District Judge